587 A.2d 248

**Siu Leung SHUM**

v.

**D.L. GAUDREAU.**

**No. 1, Sept. Term, 1991.**

Court of Appeals of Maryland.

March 13, 1991.

Charles J. Muskin, Glen Burnie, for petitioner.

Robert N. Winkler, Towson, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ.

PER CURIAM.

Petitioner seeks a writ of certiorari, asking that we review a judgment of the Circuit Court for Anne Arundel County, by which the circuit court decided an appeal on the record from the District Court of Maryland. The underlying case began on 13 October 1987, when respondent sued petitioner for damages resulting from an alleged breach of a lease. Following the initial trial of that case, the District Court entered judgment in favor of respondent for $6,500. Petitioner appealed to the Circuit Court for Anne Arundel County contending that: 1) some of the damages claimed were not the responsibility of petitioner; 2) some of the damages claimed were barred by res judicata as a result of a previous action between the parties; and, 3) the evidence was insufficient to support certain of the damages claimed. The circuit court held that res judicata was not a bar to any of the damages claimed, but that because the District Court had failed to set forth any of its findings, the circuit court was unable to consider the balance of the appeal. The circuit court remanded the case for a new trial.

We granted certiorari to review that action, and in *Shum v. Gaudreau*, 317 Md. 49, 562 A.2d 707 (1989), we reversed the judgment of the circuit court. We held petitioner was

not responsible for two substantial items of claimed damage. We further found that res judicata was a bar to certain other claims. We agreed with the circuit court that it was impossible to determine the remaining issues because of the failure of the District Court to make findings. We pointed out, however, that the respondent had had a full opportunity to present his case, and that the circuit court should not have remanded the matter for a new trial. We ordered the circuit court to remand the case to the District Court so it might "consider the evidence already before it, make findings of fact as to the evidence supporting each claim, determine whether those facts are sufficient to support each claim, and if so, in what amount, and then enter judgment for Landlord for any sum so supported."

The circuit court remanded the case in accordance with our mandate, and the District Court again considered the matter. Petitioner tells us that at that hearing respondent presented a list of claims to the District Court judge, and asked the court to enter judgment according to the specific items which were on the list, in the total amount of $3,425 and costs. Instead, the District Court entered a judgment in the amount of $6,042. Petitioner contends that a substantial portion of the award, added by the District Court judge, was for an item respondent had not claimed during the original trial.

Petitioner again appealed to the circuit court, raising a number of questions. He suggested, for example, that the original complaint requested total relief of $9,200. He argued that the two major items of damage which we had earlier ruled were not his responsibility totaled $4,550, so that the remaining claims embraced by the original complaint could not possibly total the $6,042 judgment entered by the District Court. He complained that the District Court had added additional damages which had not previously been requested, and he included specific questions concerning the measure of damages employed by the District Court as to certain items, and the sufficiency of the evidence to prove certain other items.

Following argument of the appeal, which was also on the record, the circuit court affirmed the judgment of the District Court, after deducting $100 from the verdict to remedy a computational error. It is this judgment of the circuit court that petitioner now asks us to review.

Unfortunately, and ironically in view of the history of this case, the circuit court did not provide an opinion that would permit us to intelligently consider the petition for certiorari. The opinion of the circuit court reads as follows:

> Counsel heard. Court affirmed decision of lower court with a correction of $100.00 to be deducted from the award.

Given the difficulty visited upon the circuit court by the initial failure of the District Court to articulate its findings, we would have thought that the circuit court would be particularly attentive to the requirement that it file an opinion dealing with the issues presented to it.

■■■■ Maryland Rule 1392 provides:

> In every appeal decided on the record of the lower court, the appellate court shall render a concise opinion which shall be reduced to writing and filed with the clerk within sixty days of the argument.

We recognize the problems encountered by a busy trial court that must also function as an appellate court. Nevertheless, the requirement of Rule 1392 is clear, and it exists for good reason. The parties who prosecute an appeal on the record are entitled to at least a brief opinion demonstrating that the appellate court has considered the issues presented to it, and stating briefly the decisions made on each issue. Moreover, the only review available to a party disappointed by the judgment of the circuit court in that instance is by way of petition for certiorari to this Court, and we must have the benefit of at least a concise opinion dealing with the issues in order to determine whether certiorari should be granted.

We shall grant the petition for certiorari, vacate the judgment of circuit court, and remand the case to the circuit

court for the entry of judgment accompanied by an opinion that conforms to the requirements of Rule 1392.

IT IS SO ORDERED; COSTS TO ABIDE THE OUTCOME OF THE CASE.