6 A.3d 928

**Ofir MARWANI, et al.**

v.

**CATERING BY UPTOWN.**

**No. 79, Sept. Term, 2008.**

Court of Appeals of Maryland.

Oct. 22, 2010.

Steven B. Gould (Brown & Gould, LLP, Bethesda, MD; Kenneth M. Berman of Berman, Sobin & Gross, Gaithersburg, MD), on brief, for petitioners.

Thomas F. DeCaro, Jr., Upper Marlboro, MD, for respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, J.

■ The case at bar presents us with the question of whether Ofir and Monique Marwani, Appellants, are entitled to the return of a "non-refundable" deposit they paid to Catering By Uptown, Appellee. After the District Court of Maryland, sitting in Prince George's County, answered "no" to that question, and the Circuit Court for Prince George's County affirmed the judgment of the District Court,[1] Appellants filed a petition for writ of certiorari in which they presented this Court with the following question:

> May a food service facility enforce a contract with consumers even though it is not licensed as required by Section 21–305(a) of Title 21 of the Health–General Article ("H–G"), Annotated Code of Maryland, and the contract does not contain the requisite disclosures under H–G § 21–312.1(b)?

This Court granted the petition. 406 Md. 112, 956 A.2d 201 (2008). For the reasons that follow, we shall affirm the judgment of the Circuit Court.

### Background

Appellants' Amended Complaint,[2] in pertinent part, alleges:

10. [Appellee] is not properly licensed under Section 21–305 of the Health–General Article, and the regulations promulgated under Title 21, to operate a food establishment and food service facility. [Appellee] further violated Section 21–312.1(b) by failing to identify a food facility license number on its contract and various

---

1. "[T]he only review available to a party disappointed by the judgment of the circuit court [sitting in its appellate capacity] is by way of petition for certiorari to this Court[.]" *Shum v. Gaudreau,* 322 Md. 242, 245, 587 A.2d 248, 249 (1991).

2. The Second Amended Complaint contained five counts: (1) Breach of Contract, (2) Unjust Enrichment, (3) Fraud, (4) Concealment/Nondisclosure, and (5) Violation of the Maryland Consumer Protection Act.

advertising materials. Nor could [Appellee] have displayed a food facility license number as required by law, as [Appellee] does not possess one.

\*    \*    \*

25. [Appellee] omitted to tell [Appellants] that it was not properly licensed to provide the food, drinks, and services [Appellee] agreed to provide.

26. [Appellee's] failure to disclose that it was not properly licensed constituted a failure to disclose a material fact which it had a duty to disclose.

27. If [Appellee] had disclosed to [Appellants] that it was not properly licensed, [Appellants] never would have even considered [Appellee] for providing the catering services for their wedding, and never would have provided [Appellee] with an $8,000 deposit.

28. [Appellee] intended to deceive [Appellants], and knew that [Appellants] would never have deposited $8,000 with [Appellee] or agreed to have [Appellee] cater their wedding.

29. [Appellants] acted in justifiable reliance upon the concealment.

30. [Appellants] suffered damages as a result of the concealment.

\*    \*    \*

32. Advertising and promising to provide catering services without the proper licenses was an unfair or deceptive trade practice under § 13–301, subsections 1 through 3, of the Commercial Law Article, Annotated Code of Maryland (hereinafter, "Maryland Consumer Protection Act" or "CPA")

33. The licensing regulations for caterers are public health and safety regulations, and therefore [Appellee] is not entitled to retain the deposit provided by [Appellants].

34. [Appellants] are entitled to restitutionary and consequential damages on account of [Appellee's] violations of the CPA.

The parties presented final arguments on May 14, 2007, and on June 12, 2007, the District Court filed an *"OPINION"* that included the following findings and conclusions:

For the reasons stated below[,] the Court finds that [Appellee] was unlicensed and failed to place a food service facility license number on its contract. Therefore, [Appellee] violated the CPA. However, because [Appellants] have failed to show actual "injury or loss" as a result of the violations as required by § 13–408 of the CPA [Appellants] cannot recover their $8,000 deposit.

\* \* \*

Read as a whole, § 21–305 states that a person must be licensed to operate a place or any operation where food or drink is prepared for sale or service to the public and that each place or operation that a person owns or operates must have its own separate license. In the case *sub judice*, [Appellee's] food service license allows Clark's Celebration on The Bay—a **place**—to prepare food for sale or service to the public. [Appellee] Catering by Uptown, who contracted with [Appellants], is a catering **operation**. Based upon the facts in this case and upon a plain reading of the statute, the Court finds that [Appellee], Catering by Uptown must have its own separate license.

\* \* \*

Because [Appellee], Catering by Uptown is holding itself out to the public as a catering organization, it must be licensed. Failure to be licensed and failure to place a food service facility license number on its contract as required by H–G § 21–312.1(b) violates § 13–301(1)(2) and (3) of the CPA. *See, CitaraManis v. Hallowell,* 328 Md. 142, 613 A.2d 964 (1992), *Golt v. Phillips,* 308 Md. 1, 517 A.2d 328 (1986). Nevertheless, under the facts of this case, [Appellants] have failed to show actual injury or loss as a result of [Appellee's] violation of the statute to trigger recovery of their deposit under § 13–408 of the CPA. *See, Citaramanis v. Hallowell,* 328 Md. 142, 613 A.2d 964 (1992). Therefore, [Appellants] cannot recover.

[Appellants'] second theory of recovery is based upon the argument that they are entitled to obtain restitution of the deposit they paid because the deposit was paid pursuant to [an] illegal and unenforceable contract. For the reasons stated below [Appellants'] argument must fail.

In *DeReggi Construction Company, et al. v. Mate et al.*, 130 Md.App. 648, 747 A.2d 743 (2000), the Court citing *Harry Barenter [Berenter], Inc. v. Berman*, 258 Md. 290, 265 A.2d 759 (1970) states: "Maryland law is clear that if a licensing statute is regulatory in nature, for the protection of the public, rather than merely to raise revenue, an unlicensed person will not be given assistance of the courts in enforcing contracts that fall within the regulatory scheme." *Id.* at 654, 747 A.2d 743.

The Court, after discussing the "broad" language in *Barenter [Berenter]* and noting that its language "could potentially require a contract to be held unenforceable for *any* violation of a regulatory statute absent express direction from the legislature 'that such contracts would be legal and enforceable,'" stated that the Court of Appeals "has not followed this strict application of *Barenter [Berenter]*." *Id.* at 656, 747 A.2d 743.

Citing *Citaramanis [CitaraManis]*, 328 Md. 142 [613 A.2d 964] (1992), the Court stated that the "unenforceability of a contract because of illegality is a function of the strength of the public policy involved *together with the degree of the violation of that policy under the facts of the case.*" (Emphasis added) *DeReggi Construction Company*, 130 Md.App. at 657, 747 A.2d 743.

In this case [Appellee] argues that Clark's Celebration at The Bay where [Appellants'] wedding was to be held was licensed. The license was displayed at the location as required by the statute. These facts are not disputed. As a result of the location being licensed [Appellee], which is a family owned business which has been providing catering services in the Washington metropolitan area for decades, had the ability to provide the contracted for services to [Appellants] had [Appellants] appeared on September 25.

Based upon the facts of this case the Court finds the degree of [Appellee's] violation de minimus. [Appellee] substantially complied with the requirements of the licensing statute because the location where [Appellants'] wedding was being held was a licensed food service facility. Therefore, the public would be afforded the same protection that strict compliance to the statute would offer. *See, DeReggi* at 658, 659 & 660 [747 A.2d 743]. Accordingly, the contract is not illegal and unenforceable, and [Appellants] may not recover its deposit. Moreover, [Appellee] may maintain its counterclaim against [Appellants] for breach of contract. *See DeReggi Construction Company, et al. v. Christian P. Mate, et al.,* 130 Md.App. 648, 747 A.2d 743 (2000).

\* \* \*

[Appellee] allege[s] that [Appellants] breached the contract by failing to appear on the appointed event date. Therefore pursuant to the contract they are entitled to retain the non-refundable deposit of $8,000. [Appellee] further alleges in its counter claim that [Appellants'] breach caused damages in the amount of $3,000[.]

\* \* \*

Accordingly, for the reasons stated above, the Court rules against the [Appellants] and in favor of [Appellee] on Count 1 (Breach of Contract). The Court however denies [Appellee's] counterclaim as [Appellee's] $3,000 claim for damages ... comprised a portion of the $8,000 non-refundable deposit.

(Emphasis in original; footnotes omitted).

### Discussion

The following standard of review is applicable in the case at bar:

The Court of Appeals will set aside the judgment of a court based on the factual findings of that court only when those findings are clearly erroneous. Maryland Rule 8–131(c). . . . The legal analysis of the District Court and of the Circuit Court, however, enjoy no deferential standard of

appellate review. *Helinski v. Harford Memorial Hosp., Inc.,* 376 Md. 606, 614–15, 831 A.2d 40, 45 (2003). We review de novo their interpretations of the relevant statutes. *Friendly Fin. Corp. v. Orbit Chrysler Plymouth Dodge Truck, Inc.,* 378 Md. 337, 342–43, 835 A.2d 1197, 1200 (2003).

Before applying this standard of review, it may be helpful to identify issues that are *not* presented in the case at bar. We are not presented with the argument that Appellants are entitled to a return of their deposit on the ground that (1) after they "cancelled" the contract, Appellee actually "booked" an equally profitable event at the facility,[3] or (2) they notified Appellee of their decision to cancel the planned event at a point in time that provided Appellee with a reasonable opportunity to book an equally profitable event, but Appellee did not make a reasonable effort to do so. Our review is limited to the issues of whether Appellants are entitled to a return of their deposit merely because (1) Catering by Uptown is not a "licensed" caterer, and/or (2) the contract for catering services does not include the license number of the food service facility where the catering services are to be performed.

## I.

The Health–General Article of the Annotated Code of Maryland provides that "a person may not operate a food establishment unless the person is licensed by the Department." Md.Code Ann., Health–Gen. § 21–305 (LexisNexis 2009) (HG). The purpose of such a license is to "provide that all food establishments in this State are constructed, operated, and maintained in a manner that assures that all food manufactured, processed, stored, or prepared for human consumption is done so under conditions necessary to protect the public health, safety, and welfare." HG § 21–303. The De-

---

**3.** Appellee's successful counterclaim included the assertions that, "[the Appellants] did not show up for the event, or notify [Appellee] that they intended to cancel the event. At that time, [Appellee] was not able to utilize the space or re-book a similar event, since events like this have lead times of up to one year."

partment has the duty to establish rules and regulations governing the licensing of food establishments. HG § 21–304.[4] County health departments enforce the licensing statutes and physically distribute the licenses.

The contract at issue provides that "Celebrations at the Bay" would be the location of Appellants' wedding reception. "Food establishment" is defined as "[a] food service facility." HG § 21–301(f)(1). A "food service facility" is defined as "[a] place where food or drink is prepared for sale or service on the premises or elsewhere...." HG § 21–301(h)(1)(i). "License" is defined as "a license issued by the Department under this subtitle to operate a food establishment." HG § 21–301(i). The record shows that "Celebrations at the Bay" is a licensed "food service facility." The license, in pertinent part, provides:

This license has been granted to:

Mary Ann Goyena
P.O. Box 988
Burtonsville, MD 20866

to operate a FOOD SERVICE FACILITY trading as:

Clark's Celebrations on Bay
2042 Knollview Drive
Pasadena, MD 21122

HG § 21–306 provides:

(a) *In general.*—To apply for a license, an applicant shall submit an application to the Department on the form that the Department requires.

(b) *Contents of form.*—The application form shall include:

(1) The applicant's name and address;

(2) The location of the food establishment for which application is made;

(3) The type of food establishment that the applicant proposes to operate; and

---

4. COMAR also includes regulations governing food service facilities. *See* COMAR § 10. 15.03.28. The COMAR provisions are basically the same as HG § 21–301, *et seq.*, but include detailed definitions.

(4) Any other information the Department requires.

HG § 21–307 provides:

(a) *Qualifications of applicants.*—To qualify for a license, an applicant shall:

(1) Comply with the requirements of this subtitle and the rules and regulations adopted under this subtitle;

(2) Agree to permit access to the food establishment for the purpose of any inspection permitted or required under this subtitle; and

(3) Pay the license fee assessed under § 21–308 of this subtitle, unless exempted from the fee under this subtitle or any rule or regulation adopted under this subtitle.

There is nothing in the record to suggest that Mary Ann Goyena was not qualified to be the applicant for the license. Nothing in the Code requires that the applicant for a food establishment license be a member of a limited liability company, or an officer of a corporation, or the actual owner of the facility. Moreover, COMAR § 10. 15.03.02(52) provides that the "person-in-charge" of a food service facility may be (1) "the licensee" or (2) "[a]nother person responsible for the operation of a food service facility."

The record also shows that "Celebrations at the Bay" has been issued a Maryland Sales and Use Tax License,[5] and an Anne Arundel County Liquor License.[6] Under these circumstances, it is of no consequence that Mary Ann Goyena's duties may not include preparing food for human consumption,

---

**5.** The Sales and Use Tax License identifies the licensee as
C & EE INC
Celebrations at the Bay
2042 Knollview Drive
Pasadena, MD 21122

**6.** The Liquor License has been granted to
G. Clark Elliott, President
Mary Ann Goyena, Secretary
C & EE, Inc.
Celebrations at the Bay
2043 Knoll View Drive
Pasadena, MD 21122

although it is clear that she was involved in the regular operations of "Celebrations at the Bay." What is of dispositive consequence is the fact that "Celebrations at the Bay" is expressly identified on all required licenses.

Nothing in the food establishment licensing statute requires that the name of a corporation or a limited liability company be included on the food service facility license. Nor does that statute require that "Catering by Uptown" be included on the license. Moreover, when a catered event takes place at a licensed food service facility, it is of no consequence whether the caterer has a "separate" catering license. Therefore, even though Catering by Uptown might need a separate catering license to perform catering services at a location other than a licensed food services facility, Catering by Uptown did not need a separate catering license to provide catering services at "Celebrations at the Bay," which had valid licenses to serve food and alcoholic beverages. For these reasons, we hold that Appellants are not entitled to a return of their deposit on the ground that Catering by Uptown does not have a caterer's license.

## II.

HG § 21–312.1(b) provides:

A food service facility that offers catering services or that identifies itself as a caterer shall include its food service facility license number, including the identity of the issuer of the license, on:

(1) All advertising on business cards, published print media, flyers, brochures, and any vehicles used in connection with catering services and in telephone directories; and

(2) All contracts for catering services.

■ The contract between the parties did not include either a caterer's license number or a food service facility license number. According to Appellants, this undisputed fact renders the contract "illegal" and entitles them to a return of their deposit.[7]

---

7. Appellants argue that the Consumer Protection Act (Md. Ann.Code, Commercial Law § 13–301 et seq.) provides them with a "private

Although it agreed with Appellants that Appellee's failure to include the food service facility license number on the contract constituted a violation of the Consumer Protection Act, the District Court found that Appellants did not sustain any actual injury arising from the CPA violation. That factual finding was fully supported by the evidence. Moreover, because it is clear that the licensing requirement was enacted to protect the public health, safety, and welfare, (1) the dispositive issue is whether the food service facility actually has a license, and (2) it is undisputed that "Celebrations at the Bay" *is* a licensed food service facility.

Appellants argue that *Hallowell v. CitaraManis,* 88 Md. App. 160, 594 A.2d 591 (1991), relied on by the District Court, is not applicable to this case. We disagree. In that case, the landlords argued that "their failure to inform the [tenant] of the fact that [the property] was not licensed with the Department of Public Works did not, in itself, cause the [tenant] to suffer actual damage for the purposes of recovery under CL § 13–408(a) of the Consumer Protection Act." *Id.* at 165, 594 A.2d at 593. While agreeing with that argument, the Court of Special Appeals stated:

It is uncontroverted that the Hallowells failed to inform the CitaraManises that the property was unlicensed. While the CitaraManises are undoubtedly correct in asserting that the scheme of licensing, inspections, notifications, and penalties set forth in the housing code is designed to encourage compliance with the code, a landlord's failure to inform a tenant that the leased property is unlicensed does not, in itself, demonstrate that the tenant has suffered a diminution in the rental value of the property.

*    *    *

As a final matter, the CitaraManises contend that permitting the Hallowells to retain the rent payments allows them to benefit from an illegal contract, which is prohibited by

---

right" to recover money damages as a result of Appellee's "unfair and deceptive trade practice."

*Golt* [308 Md. 1, 517 A.2d 328 (1986) ]. This argument misses its mark. *Golt* precludes an unlicensed landlord from recovering the reasonable value of the premises in quantum meruit only if the tenant has sustained actual damage. *Id.* [308 Md.] at 12, 517 A.2d 328. Absent a showing of actual damages, the CitaraManises have failed to establish a loss or injury under CL § 13–308(a); thus, restitution is inappropriate in the instant case.

*Id.* at 170–72, 594 A.2d at 596–97.

For the reasons stated above, we also hold that Appellants are not entitled to a return of their deposit on the ground that their contract with Appellee did not include the license number of the food service facility where the catering services were to be performed.

**JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.**