Filed 5/23/16  Portfolio Recovery Associates v. Majano CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CELFA NORMA MAJANO,<br><br>    Defendant and Appellant. | G051653<br><br>(Super. Ct. No. 30-2014-00706576)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kirk H. Nakamura, Judge.  Affirmed.

Remer, DiVincenzo & Griffith and Joseph P. DiVincenzo for Defendant and Appellant.

Hunt & Henriques, Kurtiss A. Jacobs and Jessica Danielski for Plaintiff and Respondent.

## INTRODUCTION

Celfa Majano appeals from a judgment awarded to Portfolio Recovery Associates, LLC (Portfolio) as the owner of her credit card debt of over $30,000. On appeal, she disputes neither the existence nor the amount of the debt. Instead, she asserts that Portfolio did not submit enough evidence at trial to support its entitlement to collect. The case was tried to the court, and there is no transcript of the proceedings.

There is not much we can do without a reporter's transcript when the appellant challenges the sufficiency of the evidence. The law is clear in California that in the absence of a reporter's transcript the evidence is conclusively presumed to support the judgment. Accordingly we must affirm.

## FACTS

Majano applied for an Auto Club Visa credit card. The application itself is undated, but exhibits admitted at trial stated that the account was opened in November 2000. By March 2011, Majano owed nearly $29,000 on the card. She made monthly payments of $1,000 to $1,200 between March and August 2011 then stopped making payments completely. The last billing statement, dated April 2012, showed an unpaid balance of nearly $34,000. Each billing statement from this period included the sentence "This account is issued and administered by FIA Card Services, N.A."[1]

Portfolio sued Majano on common counts for $33,954 in February 2014. It alleged it had purchased the account "from the original creditor or its successor(s) in interest."

The matter was tried to the court on January 20, 2015. It was not reported; the parties stipulated to waive a reporter. A witness, identified in Portfolio's witness list as a custodian of records, testified on Portfolio's behalf, and certain business records

---

[1] An exhibit admitted at trial stated, "FIA Card Services, N.A. is a wholly owned subsidiary of Bank of America Corporation and is successor in interest to MBNA America Bank NA, Fleet Bank (RI), and Bank of America, National Association (USA)."

were admitted into evidence without objection. Among these were a bill of sale and assignment of loans agreement between Portfolio and FIA Card Services N.A., dated March 29, 2013. Majano's debt was among the loans transferred to Portfolio. The credit card billing statements between March 2011 and April 2012 were admitted. Majano, representing herself, also testified. Both sides presented closing arguments. The court awarded judgment in Portfolio's favor in the amount of $33,954 plus costs of $494, for a total judgment of $34,448. Majano has appealed from the judgment.

**DISCUSSION**

Majano's appeal boils down to a challenge to the sufficiency of the evidence of the chain of title to her debt between the Auto Club and Portfolio. But without a reporter's transcript – which the parties waived at trial – we must *presume* the evidence supporting this chain was sufficient. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence. [Citations.]" (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see *Aguilar v. Avis Rent-a-Car Sys.* (1996) 50 Cal.App.4th 28, 35.) As the rule applies to this case, we must presume, conclusively, that the testimony of Portfolio's trial witness and the documents admitted at trial established the necessary links between the Auto Club, FIA Card Services, and Portfolio.

Majano did not address the effect the lack of a reporter's transcript would have on her appeal in her opening brief. Her sole reference to this effect in her reply brief is a citation to a Maryland case brought in small claims court that relied on specific Maryland statutes for debt collection in those courts. (*Bartlett v. Portfolio Recovery Assocs., LLC* (2014) 438 Md. 255, 274-275.) The rule in California, however, is quite

3

clear.  Without a reporter's transcript, a challenge to the sufficiency of the evidence to support a judgment is doomed to failure.

## DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

4