PEGG, ROBERT L., Associate Judge.
Nasra M. Arafat appeals an order of the circuit court, issued in its appellate capacity, dismissing as untimely an appeal from a county court judgment. This court, as well as others, has held that a petition for certiorari is the proper vehicle to challenge an order of the circuit court dismissing an appeal as untimely. Johnson v. Fulton, 950 So.2d 493 (Fla. 4th DCA 2007). This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B) to grant certiorari review of final orders of circuit courts acting in their appellate capacity.
Arafat filed a statement of claim for items removed from her storage facility. On May 21, 2009, the county court entered a judgment in favor of defendants U-Haul Center Margate and National Fire Insurance Company, and against Arafat. Arafat filed a motion for rehearing containing a certificate of service date of June 1, 2009. On June 10, 2009, the motion for rehearing was denied. In that same order, the trial judge ruled that the denial of the rehearing motion would not take effect until September 1, 2009, because the plaintiff had filed a notice of unavailability between June 1, 2009 and August 25, 2009.
On September 24, 2009, less than thirty days from the date the order denying rehearing became effective, Arafat filed a notice of appeal in the circuit court. Defendants/appellees moved to dismiss the appeal, arguing that the motion for rehearing was not timely served and failed to toll rendition of the May 21, 2009 final judgment. Appellees asserted that, since the county court judgment had been entered following a non-jury trial, Florida Rule of Civil Procedure 1.530 mandates that a motion for rehearing be served within ten days of the filing of the judgment. Although the certificate of service bears a date of June 1, 2009, the motion was not actually served until June 3, 2009. Arafat’s response was that Rule 1.530 did not apply to small claims cases, and the timeliness of the motion for rehearing was determined by its filing date and not the service date.
The circuit court granted the motion to dismiss, finding that the motion for rehearing was not timely served and the appeal from the final judgment was untimely. *905 Arafat then filed a timely notice of appeal to this court directed to the dismissal order of the circuit court.
Arafat is entitled to relief from the circuit court order of dismissal only if she can demonstrate that the circuit court departed from the essential requirements of law. Altman v. State, 41 So.3d 1030, 1031 (Fla. 2d DCA 2010). District Courts of Appeal have granted petitions for relief where the petitioner establishes a circuit court erred in dismissing an appeal as untimely. Gibson v. Gruner, 715 So.2d 379 (Fla. 4th DCA 1998).
The Florida Small Claims Rules apply to civil actions in county court where the damages do not exceed $5,000. See Fla. Sm. Cl. R. 7.010(b). These rules do not incorporate all of the Florida Rules of Civil Procedure. The only rules incorporated are 1.090, 1.190, 1.210, 1.260, 1.410, and 1.560; other rules may apply if ordered by the court. See Fla. Sm. Cl. R. 7.020(a), (c). The Florida Small Claims Rules do not expressly provide for a motion for rehearing. They do, however, permit the filing of a motion for new trial under Florida Small Claims Rule 7.180. This motion must be filed within ten days.
There is no doubt that this originated as a small claims case. The demand in the complaint was for $5,000. The docket printout from the circuit court indicates it is a small claims case. The record before us indicates the motion for rehearing was timely filed. Florida Rule of Civil Procedure 1.530, which provides that a motion for new trial or rehearing must be served within ten days, is inapplicable to this case.
The final issue to be resolved is whether Arafat’s post-judgment motion filed in small claims court served to toll the rendition of the judgment and the subsequent taking of an appeal from that judgment. Florida Small Claims Rule 7.230 provides that appeals from Small Claims court shall be governed by the Florida Rules of Appellate Procedure. In addition, Florida Rule of Appellate Procedure 9.010 provides that the rules of appellate procedure apply to appeals to circuit court. Florida Rule of Appellate Procedure 9.020(h) states that where an authorized and timely motion for new trial or rehearing is filed, the rendition of the order of the trial court is tolled until disposition of the motion.
Arafat’s post-trial motion was titled as a motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. While the contents of the motion for rehearing are at times rambling, and clearly authored by someone with little or no legal training, there is no doubt that the relief she is seeking is a new trial. We elect to treat Arafat’s motion for rehearing as an authorized and timely-filed motion for new trial permitted under the Florida Small Claims Rules of Court.
Accordingly, we treat the appeal as a petition for writ of certiorari, grant the petition, quash the order dismissing the appeal, and remand to the circuit court with directions that the appeal be reinstated and decided on the merits.

Petition Granted.

TAYLOR and GERBER, JJ., concur.