DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID B. MECH,**
Appellant,

v.

**BRAZILIAN WAXING BY SISTERS, INC.,**
Appellee.

No. 4D22-145

[August 10, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502020SC003890.

Jason S. Weiss of Weiss Law Group, P.A., Coral Springs, for appellant.

No appearance for appellee.

FORST, J.

Appellant David B. Mech appeals the trial court's final judgment summarily denying his motion for summary judgment and granting Appellee Brazilian Waxing by Sisters, Inc.'s cross-motion for summary judgment. Appellant's sole argument on appeal is that the trial court failed to comply with Florida Rule of Civil Procedure 1.510(a) in issuing its summary judgment rulings without stating the reason for said rulings on the record. As Appellant's claim was filed in small claims court and rule 1.510 is not necessarily applicable to small claims actions, we find no error and thus affirm.

## Background

Appellant filed a complaint against Appellee, seeking $95 in damages for Appellee's alleged breach of the Palm Beach County Code and further requesting to enjoin Appellee from engaging in discriminatory pricing. The filing sheet designated the complaint as a "County Civil Small Claim[] up to $8,000," seeking both monetary and "[n]on-monetary declaratory or injunctive relief."

Appellant moved for summary judgment "pursuant to Rule 1.510 of the Florida Rules of Civil Procedure." Less than two weeks later, Appellee filed a competing motion for summary judgment. This motion made no reference to the Florida Rules. A hearing was held on the motions and both parties agreed with the trial court's observation "there are no material disputed issues of fact. This is purely an issue of law, and it's all or nothing[,] one of you is right and one of you is wrong." After a short hearing, the trial court reserved its ruling. Later that day, the trial court issued a final judgment wherein it summarily denied Appellant's motion for summary judgment and summarily granted Appellee's cross-motion for summary judgment. After the trial court denied Appellant's motion for rehearing, Appellant filed the instant appeal.

## Analysis

An appellate court reviews the trial court's summary disposition of a small claims action *de novo*. *See Larsens Auto., LLC v. Haberkorn*, 326 So. 3d 785, 788 (Fla. 2d DCA 2021) ("Because [Florida Small Claims Rule 7.135] appears analogous to Florida Rule of Civil Procedure 1.510 governing summary judgment, we will review the trial court's grant of summary disposition de novo."). Here, Appellant summarizes his argument as "the Order is legally insufficient because it does not identify the reasons for granting or denying either of the Parties' motions for summary judgment [and w]ithout such reasoning, Appellant is unduly imperiled if the Order is found to be legally sufficient." In light of this narrow issue, we refrain from addressing the merits of the trial court's rulings on the respective motions for summary judgment.

The Florida Rules of Civil Procedure "apply to all actions of a civil nature . . . in the circuit courts and county courts except those to which . . . the Small Claims Rules apply." Fla. R. Civ. P. 1.010. In contrast, the Florida Small Claims Rules "are applicable to all actions of a civil nature in the county courts which contain a demand for money or property, the value of which does not exceed $8,000 exclusive of costs, interest, and attorney's fees." Fla. Sm. Cl. R. 7.010(b).

The Florida Small Claims Rules expressly incorporate several of the Florida Rules of Civil Procedure so that those specific rules are likewise applicable to small claims court. *See* Fla. Sm. Cl. R. 7.020(a) ("Florida Rules of Civil Procedure 1.090(a), (b), and (c); 1.190(e); 1.210(b); 1.260; 1.410; and 1.560 are applicable in all actions covered by [the small claims rules.]"). However, the Florida Small Claims Rules "do not incorporate all of the Florida Rules of Civil Procedure." *Arafat v. U-Haul Ctr. Margate*, 82 So. 3d 903, 905 (Fla. 4th DCA 2011). Notably, they do not incorporate

2

Florida Rule of Civil Procedure 1.510, which provides the procedure and requirements regarding summary judgment. Instead, summary disposition for small claims actions is governed by Florida Small Claims Rule 7.135.

There are several differences between Florida Rule of Civil Procedure 1.510 and Florida Small Claims Rule 7.135. Relevant to the instant case, Florida Rule of Civil Procedure 1.510 provides that when the trial court addresses a party's motion for summary judgment, it "shall state on the record the reasons for granting or denying the motion," whereas Florida Small Claims Rule 7.135 merely provides that "[a]t pretrial conference or at any subsequent hearing, if there is no triable issue, the court shall *summarily* enter an appropriate order or judgment." *Compare* Fla. R. Civ. P. 1.510(a) *with* Fla. Sm. Cl. R. 7.135 (emphasis added). Accordingly, in a small claims action, a trial court is not required to state on the record its reasoning for granting or denying summary disposition.[1]

We note that Florida Small Claims Rule 7.020(c) provides: "In any particular action *the court may order* that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court's own motion." *Id.* (emphasis added). Here, only one party (Appellant) invoked Florida Rule of Civil Procedure 1.510 and, to the extent that this can be deemed "an application to proceed under that rule," the small claims rule provides the trial court with discretion ("may order") whether to so proceed. *Cf. State Farm Mut. Auto. Ins. Co. v. Precision Diagnostic, Inc.*, No. 15–AP–14, 2017 WL 1287775, n.2 (Fla. 19th Cir. Ct. March 30, 2017) ("Prior to transfer, the Broward County court entered an order invoking the rules of civil procedure in response to a stipulated motion, which is why a motion for summary judgment was permitted in a small claims case.").

## Conclusion

As the underlying summary disposition proceedings were governed by Florida Smalls Claims Rule 7.135, the trial court's order summarily ruling on the parties' respective motions did not violate Florida Rule of Civil Procedure 1.510, as that rule was not applicable here.

---

[1] Permitting such summary dispositions for small claims is explained by the quote provided in *Morburger v. J. Reporting, Inc.*, 318 So. 3d 619, 621 (Fla. 3d DCA 2021): "Historically, the purpose of small claims courts is to provide greater access to justice for the public by allowing claims for small amounts of money to be litigated inexpensively and efficiently." (quoting *Bartlett v. Portfolio Recovery Assocs.*, 438 Md. 255, 91 A.3d 1127, 1138 (2014)).

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***