DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID B. MECH,**
Appellant,

v.

**BRAZILIAN WAXING BY SISTERS, INC.,**
Appellee.

No. 4D22-145

[November 2, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502020SC003890.

Jason S. Weiss of Weiss Law Group, P.A., Coral Springs, for appellant.

No appearance for appellee.

**ON MOTION FOR REHEARING**

FORST, J.

We grant Appellant's motion for rehearing, withdraw our opinion dated August 10, 2022, and issue the following opinion in its place.

Appellant David B. Mech appeals the trial court's final judgment summarily denying his motion for summary judgment and granting Appellee Brazilian Waxing by Sisters, Inc.'s cross-motion for summary judgment. Appellant's sole argument on appeal is that the trial court failed to comply with Florida Rule of Civil Procedure 1.510(a) in its final judgment, because the trial court did not state on the record the reasons for its rulings. We agree and therefore reverse and remand with instructions.

**Background**

Appellant filed a complaint against Appellee, seeking $95 in damages for Appellee's alleged breach of the Palm Beach County Code and further requesting to enjoin Appellee from engaging in discriminatory pricing. The

filing sheet designated the complaint as a "County Civil Small Claim[] up to $8,000," seeking both monetary and "[n]on-monetary declaratory or injunctive relief."

In a March 26, 2020 order cancelling a pre-trial hearing, *the trial court stated that "[t]he Fl[orida] Rules of Civil Procedure are invoked."* (emphasis added).[1]  Subsequently, Appellant moved for summary judgment "pursuant to Rule 1.510 of the Florida Rules of Civil Procedure," and Appellee filed a competing motion for summary judgment.  A hearing was held on the motions, and both parties agreed with the trial court's observation that "there are no material disputed issues of fact.  This is purely an issue of law, and it's all or nothing[,] one of [the parties] is right and one of [the parties] is wrong."  After a short hearing, the trial court reserved its ruling.  Later that day, the trial court issued a final judgment wherein it summarily denied Appellant's motion for summary judgment and summarily granted Appellee's cross-motion for summary judgment. After the trial court denied Appellant's motion for rehearing, Appellant filed the instant appeal.

## Analysis

An appellate court reviews the trial court's summary disposition of a small claims action *de novo.  See Larsens Auto., LLC v. Haberkorn*, 326 So. 3d 785, 788 (Fla. 2d DCA 2021) ("Because [Florida Small Claims Rule 7.135] appears analogous to Florida Rule of Civil Procedure 1.510 governing summary judgment, we will review the trial court's grant of summary disposition de novo.").  Here, Appellant summarizes his argument as "the Order is legally insufficient because it does not identify the reasons for granting or denying either of the Parties' motions for summary judgment [and w]ithout such reasoning, Appellant is unduly imperiled if the Order is found to be legally sufficient."  In light of this

---

[1] This invocation in an otherwise inconsequential order was referenced by Appellant for the first time in its motion for rehearing.  It is not the responsibility of the Court to dig through the record to locate the basis for a party's argument. *See Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) ("It is the duty of counsel to prepare appellate briefs so as to acquaint the Court with the material facts, the points of law involved, and the legal arguments supporting the positions of the respective parties.  When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.  Again, it is not the function of the Court to rebrief an appeal.  We basically work within the framework of the briefs although, admittedly, there are instances where errors are so glaring or fundamental that a court will adjudicate them on its own initiative in its original opinion." (internal citations omitted)).

narrow issue, we refrain from addressing the merits of the trial court's rulings on the respective motions for summary judgment.

The Florida Rules of Civil Procedure "apply to all actions of a civil nature … in the circuit courts and county courts except those to which … the Small Claims Rules apply." Fla. R. Civ. P. 1.010. In contrast, the Florida Small Claims Rules "are applicable to all actions of a civil nature in the county courts which contain a demand for money or property, the value of which does not exceed $8,000 exclusive of costs, interest, and attorneys' fees." Fla. Sm. Cl. R. 7.010(b).

The Florida Small Claims Rules expressly incorporate several of the Florida Rules of Civil Procedure so that those specific rules are likewise applicable to small claims court. *See* Fla. Sm. Cl. R. 7.020(a) ("Florida Rules of Civil Procedure 1.090(a), (b), and (c); 1.190(e); 1.210(b); 1.260; 1.410; and 1.560 are applicable in all actions covered by [the small claims rules.]"). However, the Florida Small Claims Rules "do not incorporate all of the Florida Rules of Civil Procedure." *Arafat v. U-Haul Ctr. Margate*, 82 So. 3d 903, 905 (Fla. 4th DCA 2011). Notably, they do not incorporate Florida Rule of Civil Procedure 1.510, which provides the procedure and requirements regarding summary judgment. Instead, summary disposition for small claims actions is generally governed by Florida Small Claims Rule 7.135.

Nevertheless, Florida Small Claims Rule 7.020(c) provides that "[i]n any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court's own motion." Here, in its March 26, 2020 order cancelling the pre-trial hearing, the trial court invoked the Florida Rules of Civil Procedure, thereby permitting the parties to move for summary judgment under Florida Rule of Civil Procedure 1.510.

Unlike Florida Small Claims Rule 7.135, which merely provides that "[a]t pretrial conference or at any subsequent hearing, if there is no triable issue, the court shall *summarily* enter an appropriate order or judgment," when the trial court addresses a party's motion for summary judgment under Florida Rule of Civil Procedure 1.510(a), it "shall state on the record the reasons for granting or denying the motion."[2]

---

[2] As an aside, we interpret this differing language to mean that Florida Small Claims Rule 7.135 does not require the trial court to state its reasons on the record for granting or denying summary disposition in a small claims action. This interpretation seems reasonable considering that "[h]istorically, the purpose of

3

Although it had previously declared "[t]he Fl[orida] Rules of Civil Procedure are invoked," the trial court failed to comply with Florida Rule of Civil Procedure 1.510(a) when it denied Appellant's motion for summary judgment and granted Appellee's cross-motion for summary judgment without stating its reasons for doing so on the record. This was error. *See In Re Amendments to Florida Rule of Civil Procedure 1.510*, 317 So. 3d 72, 77 (Fla. 2021) ("To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute as to a material fact. The court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review."); *Rkhub Logistics LLC v. Eastern Auto Motor Corp.*, 344 So. 3d 485, 486 (Fla. 4th DCA 2022) (because "[t]he record here does not include the court's reasons for granting [and denying] the summary judgment motion," this Court "reverse[d] the summary judgment order and remand[ed] to allow the court an opportunity to do so").

## Conclusion

In the underlying proceeding, the trial court invoked the Florida Rules of Civil Procedure. As a result, the summary judgment motions were governed by Florida Rule of Civil Procedure 1.510, which requires the trial court to "state on the record the reasons for granting or denying" a motion for summary judgment. Fla. R. Civ. P. 1.510(a). The trial court failed to meet this requirement. Therefore, we reverse and remand, directing the trial court to explain its reasoning for denying Appellant's motion for summary judgment and granting Appellee's cross-motion for summary judgment.

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

\*     \*     \*

---

small claims courts is to provide greater access to justice for the public by allowing claims for small amounts of money to be litigated inexpensively and efficiently." *Morburger v. J. Reporting, Inc.*, 318 So. 3d 619, 621 (Fla. 3d DCA 2021) (quoting *Bartlett v. Portfolio Recovery Assocs.*, 438 Md. 255, 91 A.3d 1127, 1138 (2014)); *see also* Fla. Sm. Cl. R. 7.010(a) ("These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.").

*Not final until disposition of timely filed motion for rehearing.*